UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DANNY R. TROUTMAN ) | |
| ) | |
| v. ) | NO. 2:07-CV-214 |
| ) | |
| COCKE COUNTY JAIL, TRAVIS ) | |
| WEBB, LINDA BARNETTE, and ) | |
| TOM HARR ) | |

## **MEMORANDUM and ORDER**

Danny R. Troutman, formerly a prisoner in the Cocke County jail who is now confined in the Northeast Correctional Complex [NECX], brings this *pro se* civil rights action for injunctive and monetary relief under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. (Doc. 1). However, since plaintiff is a prisoner, he is **ASSESSED** the full filing fee of three hundred, fifty dollars ($350.00). 28 U.S.C. § 1914(a). The custodian of plaintiff's inmate trust account at the NECX shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate trust accounts at NECX and to Gayle Ray, Commissioner of the Tennessee Department of Correction.

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A.

Plaintiff states his claim in its entirety as follows.

"I was assalted (sic) in the Cocke County Annex [.] I have papers where I was suppost (sic) to be taken to Morristown in 2-3 days for follow up surgery [.] But I was never taken[.] I am a TDOC inmate." (Doc. 3, Compl at ¶ IV).

---

[1] Send the payments to:
        Clerk, USDC
        220 West Depot Street, Suite 200
        Greeneville, TN 37743

A constitution violation results when prison officials show deliberate indifference to an inmate's serious medical needs, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), or to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994). An inmate's allegation that correctional authorities failed to protect him from an assault by another inmate may state a claim under § 1983. *Id.*

Here, however, plaintiff does not identify the person or defendant whom he is charging with constitutional wrongdoing. Moreover, there is no date indicating when these alleged events occurred. Absent information linking or connecting a specific defendant to the claimed misdeeds, plaintiff's contentions are conclusory. Conclusory allegations, as are these, do not state a claim for relief under § 1983. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Therefore, this case will be **DISMISSED** for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

The Court must now decide whether to issue a certificate of appealability (hereinafter, COA) since a petitioner may not appeal from a final order in a § 2254 case unless a COA is issued. 28 U.S.C. § 2253(c)(1). A COA will be granted where a court finds that a petitioner has made a "substantial showing" of the denial of a constitutional right. *Id.* at § 2253(c)(2). When a procedural bar serves as the basis for dismissal, without the merits of the underlying claim having been addressed, a petitioner makes a substantial showing by establishing that reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct. *See Slack v.*

*McDaniel,* 529 U.S. 473, 484 (2000).  Since each prong of the § 2253 showing is necessary for issuance of a COA, a court may dispose of the application by resolving first the procedural issue "whose answer is more apparent from the record and arguments," without addressing the viability of the underlying claim.  *Id.* at 485.

Because the contentions in this complaint are conclusory, the Court does not believe that reasonable jurists would find it debatable as to whether this procedural ruling is correct.  It therefore finds that a COA is not warranted in this lawsuit.  Finally, the Court certifies that any appeal taken from the decision would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE